**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        **v.**                              **05-CR-55A(Sr)**

**TROY GILLON,**

        **Defendant.**

_____

**DECISION AND ORDER**

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

**PRELIMINARY STATEMENT**

The defendant, Troy Gillen ("the defendant"), has filed a discovery motion wherein he seeks (a) "early disclosure of witness statements;" and (b) "disclosure of informant information," namely, "disclosure of the criminal record of its informant which the government used in its investigation of this case."  In response, the government advises that it will comply with the requirements of 18 U.S.C. § 3500 and therefore, "declines to provide statements and the identities of all persons interviewed and not intended to be called by the government" and that it "will provide Jenck's (sic) material as to the informant and as to other witnesses pursuant to the schedule set by the trial court." (Docket #10).

## DISCUSSION AND ANALYSIS

### A.     Disclosure Of *Jencks* Materials:

The prosecution is neither obligated nor required to disclose and turn over statements of witnesses commonly referred to as "*Jencks* materials[1] until after the witness has completed his direct testimony.  *See* 18 U.S.C. § 3500 ("*Jencks* Act"); Rule 26.2 Fed. R. Crim. P.; *In re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such materials over to the defendant prior to the trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

As to statements of persons the government does not intend to call at the trial, the defendant's motion is DENIED.

### B.     Disclosure Of the Government Informant's Criminal Record:

The government advises that it will "disclose the conviction records at trial of all witnesses (including confidential informant if called it intends to call at trial (sic) or before with Jenck's material as ordered by the trial courts (sic) scheduling orded (sic). (Docket #10, p. 12).

---

[1] *Jencks v. United States*, 353 U.S. 657 (1957).

Based on the aforesaid representation by the government, the defendant's motion is DENIED on the basis that it is moot.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and

the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

                                                              **S/ H. Kenneth Schroeder, Jr.**
                                                              **H. KENNETH SCHROEDER, JR.**
                                                              **United States Magistrate Judge**

**DATED:**    **Buffalo, New York**
                **August 1, 2005**